## MENTS v. BOTH.

(Supreme Court, Appellate Division, Second Department. January 10, 1899.)

1. NOTES—RELEASE OF INDORSER—EVIDENCE.

On a sale of property purchased with indorsed notes, the payee received the consideration, and executed an instrument stating that he had been paid in full by the maker. He testified that it was given at the solicitation of the maker and the indorser, to enable the maker to obtain credit from other persons. This was denied by the indorser and the maker's agent, who testified to an agreement by the payee to release the indorser if the property were so transferred. *Held* to warrant a finding that the indorser had been released.

2. SAME—CONSIDERATION.

The maker's disposition of the property purchased with indorsed notes, under an agreement by which the payee received the proceeds, is a good

consideration for the latter's agreement to release the indorser, though the proceeds be less than the notes.

3. SAME.
   It is likewise a good consideration for a discharge of notes given by the indorser as maker in exchange for some of the original notes, since that did not alter his liability, which was that of a surety.

4. SAME—FINDINGS—HARMLESS ERROR.
   In an action by a surety to cancel notes, a finding that an instrument executed by the payee operates as a technical release is harmless, even if erroneous, where the court, on evidence warranting it, also finds that the payee, for a valuable consideration, did release the surety.

Appeal from special term, Kings county.

Action by Frederick Ments against Henry Both.    There was a judgment for plaintiff, and defendant appeals.    Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Samuel Hoff (Oswald N. Jacoby, on the brief), for appellant.

Robert H. Roy, for respondent.

HATCH, J.    The facts out of which this action arose are not complicated.    It appears that the defendant sold to one Clara Holsten, through her husband, acting as her agent, a certain saloon, the consideration therefor being $5,500, payable by the assumption of a mortgage of $2,000 held by S. Liebmann's Sons upon the property therein, and the remainder, $3,500, in notes, payable $100 each month.    Of these notes, $1,500 were indorsed by the plaintiff.    Holsten failed to carry out the provisions of her agreement, and pay the notes as they matured.    During the month of January, 1898, the plaintiff saw the defendant, and arranged an exchange for four of the fifteen notes falling due, and substituted therefor eight $50 notes of the plaintiff, payable one each month.    The four $100 notes were thereupon surrendered up.    These last notes were signed by the plaintiff alone.    Subsequently, and in February following, Holsten having failed to pay the notes or rent of the premises, and being in default upon other matters, the defendant negotiated with him for a surrender of the premises, and Holsten thereupon agreed that the defendant might sell the same; at least, negotiations were had looking to that end, which finally resulted in the defendant selling the premises to one Staengler, receiving therefor Staengler's notes of $1,000 and a house and lot.    George Holsten, the husband of Clara Holsten, who conducted the negotiations, testified that the defendant asked him to transfer the property to Staengler, and stated that the defendant said, if he would accept the offer of Staengler, that Ments would be released upon his notes, and that, in pursuance of such statement, he permitted the defendant to negotiate a transfer of the property to Staengler, and the place was subsequently surrendered to him.    The plaintiff testified that the defendant informed him that if he made the transfer to Staengler he would be relieved from liability, and that subsequently the defendant informed him that the deal had been accepted, and that he would be relieved.    This testimony was denied by the defendant.    Thereafter, at the solicitation of Holsten and the plaintiff, the defendant executed and delivered a paper reciting that Holsten had sold the saloon, had paid the

defendant in full, and that he had no claim against her whatever. Holsten and the plaintiff testified that this paper was executed as a release from all liability; and by the defendant it was testified that it was not intended to operate as a release, but was executed for the purpose of enabling Holsten to exhibit it to other persons, from whom he expected to obtain credit, and that it was executed for no other purpose. In this respect the claim of the defendant is at variance with his pleading. It was averred in the complaint that the defendant executed the instrument as a release of all indebtedness, and this is admitted by the answer.

We think the case presented alone a question of fact, from which the court was authorized to find that the defendant agreed, in consideration of the transfer of the saloon property to Staengler, that he would release Holsten and the plaintiff from all liability upon the notes. Whether or not the property which the defendant received in the transfer equaled the amount of the notes is not controlling. It furnished a good consideration for the agreement to release the plaintiff from all liability. Nor does the fact that the plaintiff substituted his own notes for the notes of Holsten, indorsed by him, change such result. The plaintiff still remained surety for the performance of the contract by Holsten, to the extent of his liability as indorser and maker of the notes, and the defendant so understood it. He could not thereafter deal with this property, and effect a transfer to another person, of which he received the consideration, and discharge Holsten from his debt, and still hold the plaintiff liable upon the notes, as such act would be distinctly prejudicial to the plaintiff's rights. Smith v. Molleson, 148 N. Y. 241, 42 N. E. 669; Brown v. Williams, 4 Wend. 360. It does not affect the question whether we construe the instrument executed by the defendant as a technical release or not. We may assume that it does not so operate. But it was evidence from which, in connection with the other testimony in the case, the court was authorized to find that the defendant had released the plaintiff from liability upon his notes, as well those of which he was maker as those upon which he was indorser. The fact that the court found that the instrument operated as a release does not change this result, as it also found that the defendant, for a valuable consideration, agreed to release Holsten and the plaintiff from liability on account of the contract; and this finding, as we have already seen, has support in the testimony.

It follows that the judgment should be affirmed, with costs. All concur.